UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-601-RJC
(3:05-cr-253-RJC-5)

| | | |
|---|---|---|
| ALBERT LAMONT PHARR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner's pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1); his pro se Amendment, (Doc. No. 2); a Supplement filed by counsel, (Doc. No. 6), and the Government's Response partially in support, (Doc. No. 8). For the reasons below, the amended motion will be granted in part and Petitioner will be returned to this district for resentencing.

I.  BACKGROUND

Petitioner pled guilty shortly before trial without a written plea agreement to conspiracy to possess with intent to distribute at least 5 kg of cocaine and at least 50 g of cocaine base, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute at least 5 g of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Three); possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (Count Eight). (Crim. No. 3:05-cr-253, Doc. No. 127: Acceptance and Entry of Guilty Plea; Doc. No. 135: Judgment at 1). Before the guilty plea, the Government filed a Notice pursuant to 21 U.S.C. § 851 based on Petitioner's conviction for possession of cocaine on September 24, 2003, in Mecklenburg County

1

Superior Court, (Id., Doc. No. 115: Information), elevating the statutory penalty to twenty years to life imprisonment. (Id., Doc. No. 201: Supplement to Presentence Report at 1).

The Court sentenced Petitioner to 240 months' imprisonment on Counts One and Three; 120 months on Count Eight, all counts to be served concurrently; and 60 consecutive months on Count Four, for a total of 300 months. (Id., Doc. No. 135: Judgment at 2). The United States Court of Appeals for the Fourth Circuit Court affirmed Petitioner's conviction and sentence on August 3, 2009, United States v. Pharr, 330 F. App'x 33 (4th Cir. 2009), and entered its Mandate on August 25, 2009, (Case No. 3:05-cr-253, Doc. No. 180).

Petitioner asserts that he placed § 2255 motion in the prison mail system on November 17, 2010. (Doc. No. 1-2: Motion at 14). Petitioner initially raised two claims of ineffective assistance of counsel: (1) for failing to object to Petitioner's sentencing enhancement under 21 U.S.C. § 851; and (2) for failing to object to the search of a car and house, to being held responsible for possessing firearms found in those locations, and to receiving the five year consecutive penalty under 18 U.S.C. § 924(c)(1). (Id. at 2-4). Petitioner amended the motion to add a claim that his drug sentence should be vacated under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Doc. No. 2: Amended Motion). Finally, appointed counsel filed a Supplement to Petitioner's motion detailing the Simmons claim and seeking alternative relief. (Doc. No. 6). With the filing of the Government's Response, (Doc. No. 8), this matter is ripe for decision.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

relief. After having considered the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

    A. Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's judgment became final on November 3, 2009, ninety days after the Fourth Circuit affirmed his conviction and sentence, and when his time to file a petition for writ of certiorari with Supreme Court expired. See Clay v. United States, 537 U.S. 522, 530 (2003). Petitioner, therefore, had until November 3, 2010, to file his petition in a timely manner. Because Petitioner filed his § 2255 petition on November 17, 2010, at the earliest, his § 2255 petition is untimely under § 2255(f)(1).[1]

---

[1] Under the prison mailbox rule, a prisoner's filing is deemed filed on the date it is actually delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988).

In <u>United States v. Prescott</u>, 221 F.3d 686 (4th Cir. 2000), the Fourth Circuit instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. <u>Id.</u> at 688. The Fourth Circuit has further opined that such remedy must be "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000). In order to be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" <u>Sosa</u>, 364 F.3d at 512 (citing <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003)).

Here, Petitioner attached a letter from the Bureau of Prisons to his initial motion stating that because of a lockdown at the prison, the law library was unavailable between November 2 and November 11, 2010. (Doc. No. 1-1). He does not, however, explain how or why his ability to file a motion was restricted by the lockdown, nor does he attempt to meet his burden of showing that any lockdown was not "reasonably related to legitimate penological interests" as is required in order to establish an unconstitutional impediment. <u>Akins v. United States</u>, 204 F.3d 1086, 1090 (11th Cir. 2000). A prison lockdown is generally not considered to be a constitutional impediment to the filing of a § 2255 motion. <u>Id.</u> at 1090-91; <u>Dodd v. United States</u>, 365 F.3d 1273, 1283 (11th Cir. 2004) (prison lockdowns are not extraordinary circumstances in which equitable tolling is appropriate). Therefore, Petitioner is not entitled to equitable tolling of the statute of limitations for the instant motion because he has not demonstrated extraordinary circumstances that warrant such a tolling.

Nevertheless, the Government may waive its affirmative defense to an untimely motion.

4

Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government has elected "in the interests of justice" to waive its defense "as to sentencing errors that resulted in the improper application of a mandatory minimum term of imprisonment" and asks the Court to reach the merits of Petitioner's Simmons claim only. (Doc. No. 8: Response at 4-5, 7).

    B.    Simmons Claim against § 851 Enhancement[2]

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive

---

[2] Petitioner does not contend that he has not been convicted of a felony for purposes of 18 U.S.C. § 922(g).

5

criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison." Therefore, it is retroactively applicable. Id. In that decision, the Fourth Circuit also noted that substantive rules apply retroactively because of the significant risk that a defendant "faces a punishment that the law cannot impose on him." Id. at 145 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)) (internal quotation marks omitted).

Here, Petitioner and the Government agree, and court records confirm, that Petitioner's prior conviction used to trigger a higher mandatory minimum under 21 U.S.C. § 841(b)(1)(A) could not have resulted in a sentence of more than one year in prison. (Doc. No. 6: Supplement at Exhibit 1; Doc. No. 8: Response at 6). Thus, he faced a punishment the law could not impose on him. See Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013) ("Mandatory minimum sentences increase the penalty for a crime."); United States v. Mubdi, 539 F. App'x 75, 76 (4th Cir. 2013) (applying Alleyne to § 841 sentence). The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of the sentence on Counts One and Three in the circumstances of this case.

   C.   Other Claims

The ruling above renders Petitioner's first claim of ineffective assistance of counsel regarding the § 851 enhancement in his initial motion moot. Even though the second claim of ineffective assistance of counsel regarding the failure to file a motion to suppress, to challenge the firearms convictions, and to object to the consecutive § 924(c) is time-barred, Petitioner would not be entitled to relief on the merits.

When Petitioner entered his guilty plea, he knowingly waived his right to assert legal and factual defenses to the charges. (Case No. 3:05-cr-253, Doc. No. 172: Plea Hr'g Tr. at 30-35).

6

United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, the primary virtue of Rule 11 colloquies would be eliminated . . .") (citing Blackledge v. Allison, 431 U.S. 63, 79 n.19 (1977)).

Finally, Petitioner's objection to the consecutive penalty for violating 18 U.S.C. § 924(c) has been squarely rejected by the Supreme Court. Abbott v. United States, 131 S. Ct. 18, 22-23 (2010) ("A defendant is not spared from a separate, consecutive sentence for a § 924(c) conviction . . . whenever he faces a higher mandatory minimum for a different count of conviction. Instead, … the "except" clause applies only when another provision–whether contained within or placed outside § 924(c)–commands a longer term for conduct violating § 924(c)."). Therefore, Petitioner would not prevail on these claims of ineffective assistance of counsel even if they were not time-barred.

IV. CONCLUSION

Although Petitioner's § 2255 motion to vacate is time-barred, the Government has waived its statute of limitations defense to the Simmons claim regarding the sentence for Counts One and Three.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Amended Motion to Vacate his sentence on Counts One and Three in Case No. 3:05-cr-253, (Doc. No. 2), is **GRANTED**, and Petitioner shall remain in the custody of the Bureau of Prisons pending resentencing, which will be scheduled by separate order;

2. Petitioner's Motion to Vacate based on ineffective assistance of counsel, (Doc. No. 1),

is **DENIED** and **DISMISSED** as time-barred;

3. having granted Petitioner's Amended Motion under § 2255, the alternative claims for relief filed by counsel, (Doc. No. 6: Supplement), are **DENIED** as moot; and

4. as to Petitioner's denied or dismissed claims, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability, as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: March 28, 2014

Robert J. Conrad, Jr.
United States District Judge